# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> NORMAN IZAGUIRRE GUERRERO, <br><br> Defendant. | No. CR15-3013-MWB <br><br> ORDER REGARDING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL OR, IN THE ALTERNATIVE, NEW TRIAL |

_____

## I.  INTRODUCTION AND BACKGROUND

Before me is defendant Norman Izaguirre Guerrero's Motion for Judgment Of Acquittal Or, In the Alternative, A New Trial (docket no. 174). On March 18, 2015, an Indictment was returned against Guerrero, charging him with conspiring to distribute 500 grams or more of a methamphetamine mixture which contained 50 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. His jury trial began on October 19, 2015.[1] On October 22, 2015, the jury returned a verdict in which it found Guerrero guilty on Count 1, but to a lesser included offense based on drug quantity. The jury found that Guerrero was responsible for more than 50 grams of pure methamphetamine. On October 23, 2015, I *sua sponte* directed the parties to submit briefs on several venue issues not raised during trial. Specifically, I directed the parties to brief the following issues: (1) Did the prosecution establish venue; (2) where venue

---

[1]Guerrero went to trial with co-defendant Alan Enrique Enamorado.

was not questioned before or in defendants' Rule 29 Motion, has the objection been waived; and (3) can the defendants be retried if venue was not proved?

Guerrero then requested, and I granted, an extension of time to file his post-trial motions. The parties, subsequently, submitted timely briefs on the venue issues. Guerrero also filed the motion for judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29(c), or, in the alternative, a motion for a new trial, pursuant to Federal Rule of Criminal Procedure 33 that is currently before me. He argues for a judgment of acquittal on the ground that there was insufficient evidence introduced at trial to support his conviction on the charged offense. He also contends that the prosecution failed to establish that venue was proper in the Northern District of Iowa. The prosecution has filed a timely resistance to Guerrero's motion.

## II. LEGAL ANALYSIS

In deciding Guerrero's motion, I apply the required standards for consideration of a motion for judgment of acquittal, *see* FED. R. CRIM. P. 29, and a motion for new trial, *see* FED. R. CRIM. P. 33, which I articulated in *United States v. Ortiz*, 40 F. Supp. 2d 1073, 1079, 1082 (N.D. Iowa 1999). The prosecution contends that the evidence introduced at trial, when viewed in the light most favorable to the guilty verdict and granting all reasonable inferences supported by that evidence, supports the jury's finding Guerrero guilty of the charged offense. I agree. The prosecution offered several co-conspirators' testimony, including Jeana Johnson's and Jean Enamorado's. Johnson testified that she distributed methamphetamine, which she obtained from Enamorado and as part of the charged conspiracy, to Humboldt, Iowa, in Humboldt County, Algona, Iowa, in Kossuth County, and Clear Lake/Mason City, Iowa, in Cerro Gordo County. Johnson also testified that she obtained methamphetamine from Guerrero, and made cash payments to him for methamphetamine that she had received from Enamorado.

Enamorado's testimony corroborated aspects of Johnson's testimony. Enamorado testified that he had Guerrero deliver methamphetamine to and collect drug debts from Johnson. Enamorado further testified that Guerrero and other co-conspirators helped him obtain and transport pounds of methamphetamine, which was hidden in vehicles traveling from California to Iowa. Accordingly, based the evidence presented at trial, the jury could reasonably conclude that the prosecution had established each of the elements of the charged offense.

Guerrero's venue argument also fails. "Proper venue is required by Article III, section 2 of the United States Constitution, the Sixth Amendment, and Rule 18 of the Federal Rules of Criminal Procedure." *United States v. Jaber*, 509 F.3d 463, 465 (8th Cir, 2007); *See United States v. Morales*, 445 F.3d 1081, 1084 (8th Cir. 2006); *United States v. Romero*, 150 F.3d 821, 824 (8th Cir. 1998). The prosecution bears the burden of proving that venue is proper. *See United States v. Bascope-Zurita*, 68 F.3d 1057, 1062 (8th Cir. 1995); *United States v. Delgado*, 914 F.2d 1062, 1064 (8th Cir. 1990); *United States v. Netz*, 758 F .2d 1308, 1312 (8th Cir. 1985); *United States v. Black Cloud*, 590 F.2d 270, 272 (8th Cir. 1979). "'Proof of venue is an essential element of the [g]overnment's case. It may be established either by direct or circumstantial evidence. . . . [U]nlike other elements of a crime which must be proved beyond a reasonable doubt, venue need only be proved by a preponderance of the evidence.'" *Netz*, 758 F .2d at 1312 (quoting *United States v. Massa*, 686 F.2d 526, 527–28 (7th Cir. 1982)).

I note that the prosecution utterly failed to introduce any evidence that Kossuth, Humboldt, and Cerro Gordo counties, where Johnson testified that she distributed methamphetamine as part of the charged conspiracy, are in the Northern District of Iowa. Moreover, there was no stipulation concerning venue. The prosecution flunked Criminal Jury Trial 101 by failing to offer evidence of venue which could have been accomplished

3

by simply asking a variety of witnesses if those counties were in the Northern District of Iowa. Guerrero, however, did not specifically contest venue at trial.[2] Thus, a serious question exists as to whether Guerrero's general motion for judgment of acquittal was sufficient to preserve the venue issue. The Courts of Appeals for the First, Second, Third, Fifth, Seventh, and Ninth Circuits have all held that a defendant must specifically raise the issue of improper venue before the jury returns a verdict. *See United States v. Knox*, 540 F.3d 708, 716 (7th Cir. 2008) ("The take-away message is that venue can be waived and a defendant needs to be specific in a motion for acquittal in order to preserve a venue argument for appeal"); *United States v. Carbajal*, 290 F.3d 277, 289 n.19 (5th Cir. 2002) (holding that defendant "failed to preserve [venue] for appeal by specifically raising the issue in his motion for acquittal"); *United States v. Rommy*, 506 F.3d 108, 119 (2d Cir. 2007) ("the law treats objections to venue as waived unless specifically articulated in defense counsel's motion for acquittal") (internal quotation marks omitted); *United States v. Robinson*, 167 F.3d 1824, 829 (3rd Cir. 1999) (agreeing "with the Courts of Appeals for the First and Fifth Circuits that a defendant must raise the issue of improper venue before the jury returns a verdict."); *United States v. Cordero*, 668 F.2d 32, 44 (1st Cir. 1981) (holding that a challenge to venue must be raised at least prior to a verdict); *United States v. Powell*, 498 F.2d 890, 891–92 (9th Cir. 1974) ("[V]enue may be waived, and where, as here, the objection was not raised until after the jury had returned its verdict of guilty, we find that waiver did in fact occur. A new trial on venue

---

[2]If Guerrero had specifically raised venue in his motion for judgment of acquittal, the prosecution could have sought to correct its mistake by requesting that I permit it to reopen its case-in-chief to present additional evidence on the issue. A court may allow the prosecution to reopen its case-in-chief to present additional evidence after a defendant moves for judgment of acquittal. *See United States v. Dossey*, 558 F.2d 1336, 1339 (8th Cir. 1977); *see also United States v. Street*, 472 F.3d 1298, 1317 (11th Cir. 2006); *United States v. Gray*, 405 F.3d 227, 238 n.5 (4th Cir. 2005); *United States v. Burger*, 739 F.2d 805, 809–10 (2d Cir. 1984).

grounds raised after the jury has convicted gives the appellant a second bite at the apple to which he is not entitled under the circumstances here." (citations omitted)).

The Sixth and Tenth Circuit Courts of Appeal have reached the opposite conclusion and held that "if a defendant files a general motion for acquittal that does not identify a specific point of attack, the defendant is deemed to be challenging the sufficiency of each essential element of the government's case, including venue." *United States v. Kelly*, 535 F.3d 1229, 1234-35 (10th Cir. 2008); *United States v. Zidell*, 323 F.3d 412, 421 (6th Cir. 2003) (same).

The Eighth Circuit Court of Appeals has not weighed in on this issue and I need not decide it today. A district court may take judicial notice that venue is proper in a particular district.[3] *See United States v. Males*, 715 F.2d 568, 569-70, n. 2 (11th Cir. 1983) (holding that although there was no direct testimony that the crime occurred in Dade County, Florida, venue was established because there were sufficient references to the crime taking place in Miami, and concluding that court could take judicial notice of Miami's location in Dade County): *see also United States v. Pierre*, 525 Fed. App'x 237, 239 (4th Cir. 2013); *United States v. Canon*, 420 Fed. App'x 398, 399 (5th Cir. 2011); *United States v. Kelly*, 535 F.3d 1229, 1235–36 (10th Cir. 2008); *United States v. Troupe*, 307 Fed. App'x 715, 717 (4th Cir. 2008); *United States v. Greer*, 440 F.3d

---

[3]Federal Rule of Evidence 201 permits a district court to take judicial notice at any stage of the proceeding, whether or not requested by the parties, of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201. "'[Geography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial and thus it is within the general definition contained in Fed. R. Evid. 201(b). . . .'" *United States v. Bello*, 194 F.3d 18, 23 (6th Cir.1999) (quoting *United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980); *see United States v. Blunt*, 558 F.2d 1245, 1247 (6th Cir. 1977)).

1267, 1272 (11th Cir. 2006); *United States v. Ofarri-Figureoa*, 15 Fed. App'x 360, 364 (7th Cir. 2001); *United States v. Lavender*, 602 F.2d 639, 641 (4th Cir. 1979); c*f. United States v. Trenary*, 473 F.2d 680, 682 (9th Cir. 1973) ("Appellants argue that the Southern District of California did not have venue over the conspiracy count because there was no direct proof that the co-conspirators in driving from Newport Beach to Mexico in furtherance of the conspiracy, passed through that district. . . . Judicial notice may be taken of a map of the area and, considering the time factor, the distance covered and the probable source of the marijuana, it was more reasonable than not that the two drove the car along the coast, by the shortest direct route to reach Mexico.").

Thus, assuming *arguendo*, that Guerrero timely challenged venue in his general motion for judgment of acquittal, I conclude that venue was proper in the Northern District of Iowa. Because the crime charged here was a conspiracy, it is black letter law in this circuit that venue is proper "in any district where *any* conspirator commits an overt act, even if other conspirators were never physically present in that district." *United States v. Nguyen*, 608 F.3d 368, 374 (8th Cir. 2010) (emphasis in original); *see also United States v. Morales,* 445 F.3d 1081, 1084 (8th Cir. 2006); *United States v. Hull*, 419 F.3d 762, 768-69 (8th Cir. 2005); *United States v. Cordova*, 157 F.3d 587, 597 (8th Cir. 1998); *United States v. Romero*, 150 F.3d 821, 824 (8th Cir. 1998); *United States v. Fahnbulleh*, 748 F.2d 473, 477 (8th Cir. 1984). Accordingly, in this case, the prosecution was required to show, by a preponderance of the evidence, that one member of the conspiracy committed an overt act in the Northern District of Iowa. The prosecution met its burden by presenting evidence that co-conspirators distributed methamphetamine, as part of the charged conspiracy, in Kossuth, Humboldt, and/or Cerro Gordo counties in Iowa. From this evidence, the jury could reasonably infer that an overt act in furtherance of the conspiracy took place in Kossuth, Humboldt, and/or Cerro Gordo counties. The Iowa counties making up the Northern District of Iowa are

set out in 28 U.S.C. § 95(a). Section 95(a) specifies that Kossuth, Humboldt, and Cerro Gordo counties are all located in the Northern District of Iowa. Accordingly, I take judicial notice that Kossuth, Humboldt, and Cerro Gordo Counties are all located in the Northern District of Iowa, and conclude the venue was proper in the Northern District of Iowa.

### III. CONCLUSION

For the reasons discussed above, Guerrero's Motion for Judgment Of Acquittal Or, In the Alternative, A New Trial is denied.

**IT IS SO ORDERED**.

**DATED** this 22nd day of January, 2016.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA